## EDWIN LAUFER v. W. H. SELL.
## W. H. Sell v. Edwin Laufer.

#### APPEAL BY W. H. SELL FROM THE COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY.

Argued March 11, 1891—Decided March 23, 1891.

1. Where pending litigation is submitted to referees whose decision is to be final and conclusive upon the parties, the only ground upon which the award filed may be assailed is that of fraud or misbehavior on the part of the referees.
2. No exceptions to the award upon any ground having been filed in the court below, there is nothing brought upon the record that will give standing to an appellant to allege fraud or misbehavior on the part of the referees, in the Supreme Court.
3. Depositions, which appear to have been submitted to the court below and are printed in the appellant's paper-book, are not thus brought properly before the Supreme Court; and besides, being conflicting, that court cannot pass upon the controverted facts.

Before Paxson, C. J., Sterrett, Williams, McCollum and Mitchell, JJ.

Nos. 286, 287 January Term 1891, Sup. Ct.; court below, Nos. 2, 3 December Term 1889, C. P. in Equity.

Statement of Facts.

On October 23, 1889, Edwin Laufer filed a bill in equity against William H. Sell, for an injunction to restrain the defendant from building a stone wall upon the plaintiff's land; preliminary injunction granted. On the next day, October 24th, William H. Sell filed a like bill against Edwin Laufer, for an injunction to restrain the defendant in that bill from building a stone wall upon the land of the plaintiff; preliminary injunction granted. The parties litigant were adjoining lotowners; both were preparing foundations for new buildings upon their respective lots, and each averred that the other was a trespasser.

On October 26, 1889, the litigants entered into an agreement under seal, providing that the preliminary injunctions issued should continue until the final adjustment of the matter of the boundary line between their lots by the award of three surveyors to be selected as therein specified, who were to go upon the premises within a time certain and ascertain and determine the boundary line between the lots; that "the ascertainment and determination of said boundary line by said surveyors, or a majority of them, acting as referees, shall be final and conclusive, without any appeal whatever;" and that the party who was so found to be encroaching upon the lot of the other should pay all the costs of both equity suits.

Two of the referees, selected in pursuance of said agreement, made a report, filed on November 11, 1889, wherein they set out a boundary line ascertained and determined by them, and reported that William H. Sell was encroaching upon the land of Edwin Laufer, and that Edwin Laufer was entirely on his own ground. It did not appear in the record that any exceptions were filed to this award; but on November 12th, upon the petition of Edwin Laufer, defendant in No. 3 December Term 1889, a rule was granted upon the plaintiff in that proceeding to show cause why the preliminary injunction therein previously granted should not be dissolved.

On January 6, 1890, after hearing on depositions filed, the court, REEDER, J., entered a decree, filed to both causes, reciting the award of the referees and directing that the injunction theretofore granted against William H. Sell be made perpetual; that the injunction against Edwin Laufer be dissolved, and that William H. Sell pay the costs in both actions. Thereupon,

Opinion of the Court.

William H. Sell took these appeals, in each case specifying that the court erred:

1. " In its decree, that the injunction against William H. Sell (the appellant) be made perpetual; that the injunction against Edwin Laufer be dissolved, and that William H. Sell (the appellant) pay the costs in both actions."

*Mr. S. B. Chase,* for the appellant.

Counsel cited: Cotton v. Babcock, 64 Pa. 462; Speer v. Bidwell, 44 Pa. 23; Cameron v. Castleberry, 29 Ga. 495; Bartolett v. Dixon, 73 Pa. 129; Frey v. Vanlear, 1 S. & R. 434; Robinson v. Bickley, 30 Pa. 384; Chaplin v. Kirwan, 1 Dall. 204; Painter v. Kistler, 59 Pa. 333; Backus's App., 58 Pa. 186; Watson on Arb. & Award, 73.

*Mr. John Kline,* for the appellee.

Counsel cited: Shisler v. Keavy, 75 Pa. 80; Kline v. Guthart, 2 P. & W. 495; Sands v. Rolshouse, 3 Pa. 457; Rogers v. Playford, 12 Pa. 181; Buckman v. Davis, 28 Pa. 211; Browning v. McManus, 1 Wh. 177; Brown v. School Dir., 18 Pa. 78; Dodds v. Dodds, 9 Pa. 315; Andrews v. Lee, 3 P. & W. 99; Bingham v. Guthrie, 19 Pa. 419; Williams v. Danziger, 91 Pa. 233; Lewis's App., 91 Pa. 359; Hostetter's App., 92 Pa. 132; Bowen v. Cooper, 7 W. 311.

PER CURIAM:

If the court below committed error in this proceeding, the record does not disclose it.

The agreement to refer the question of the boundary line contains the provision that the decision of " said surveyors, or a majority of them, acting as referees, shall be final and conclusive upon the parties, without appeal in any form whatever.' The parties are thus deprived of the right of appeal by their own act; and the only ground upon which the award could be assailed in the court below was that of fraud or the misbehavior of the referees.  It was attacked for the latter reason here, but there is nothing in the record to give the appellant a standing to do so.  It contains no evidence that exceptions were filed to the award, on account of the misbehavior of the referees or for any other reason, and the single assignment of error is the

vague and general one, that " the court erred in its decree that the injunction against William H. Sell (the appellant) be made perpetual; that the injunction against Edwin Laufer be dissolved, and that William H. Sell (the appellant) pay the costs in both actions." It is true, some depositions appear to have been submitted to the court below, and have been printed in the appellant's paper-book. They are not properly before us, however, and, if they were, they are conflicting. We cannot reach the merits of the case, if it has any. We can no more make bricks without straw than could the Israelites of old.

> The decree is affirmed, and the appeal dismissed at the costs of the appellant.

